BROWN v. McBEAN et al.

(Supreme Court, Appellate Division, First Department. November 9, 1900.)

RECEIVER—SUMMARY PROCEEDINGS—WHEN PROPER.

　　A summary application to compel payment to petitioner of money which remained in the hands of a receiver after distribution, and which he deposited in his name with a certain company, pursuant to a stipulation of petitioner and B. that he should do so, to await the determination of the ownership thereto as between petitioner and B., is not the proper remedy, there being a substantial controversy between them as to the ownership, and the transactions out of which their claims arise being numerous and complicated; but petitioner should assert his rights by an appropriate action.

Appeal from special term, New York county.

Action by Walston H. Brown, receiver of the firm of Brown, Howard & Co., against Duncan D. McBean and another. From an order denying the application of Henry C. Copeland, assignee of Charles

Peterson, to compel the receiver to pay over certain money to petitioner, the latter appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

L. Laflin Kellogg, for appellant.
M. J. McKenna, for respondent.

HATCH, J. It appears from the papers presented upon this appeal that the petitioner is the assignee of Charles Peterson, who formerly held an interest in the firm of Brown, Howard & Co. Prior to this application an action was commenced by Walston H. Brown and other members of the said firm for a dissolution of the co-partnership. In such action Brown was appointed receiver of all the assets of the firm, and there came into his hands as such receiver the sum of $394,795.33. Thereafter a stipulation was made between the attorneys and the parties to the action providing for a distribution of such fund, and upon such stipulation an order in the nature of a judgment was made by the court, which provided for the dissolution of the firm of Brown, Howard & Co., and for the liquidation of the affairs of the firm, and directing the distribution of the fund as therein specifically provided. This judgment distributed all of the funds in the hands of the receiver except the sum of $15,216.71, which was claimed by the petitioner and Beckwith, the latter having been a member of the firm of Brown, Howard & Co. By stipulation between these parties, the receiver was authorized to retain this fund, and deposit it in the Central Trust Company of New York, to await the determination of the ownership thereto as between the petitioner and Charles Peterson and Beckwith. The money was so deposited, and now remains as a fund in court to await the determination of the question of ownership between the parties claiming title thereto. By the terms of the stipulation and the judgment entered in the action, the receiver was discharged from all liability in connection with the action in which he was appointed. The present proceeding is a summary application for the purpose of compelling the payment of the money in the custody of Brown to the petitioner, or for an order of reference to determine the respective rights of the parties in interest. The papers disclose a substantial controversy between the petitioner and Beckwith as to the ownership of the funds, and it is by no means clear from the papers presented upon this appeal which of the parties is entitled thereto. It is not at all necessary that we set out in detail the claims of the respective parties. It is sufficient to say that the transactions out of which the respective claims arise are numerous and complicated, and ought not to be determined upon summary application, either by the court or through the medium of a referee, but the petitioner should be left to assert his rights by an appropriate action. In such an action the rights and interests of the respective parties will be fully protected, and it is by no means clear that such rights will be fully protected by any other course. It is of little consequence, so far as this fund is concerned, whether the

custodian occupies the relation of receiver thereto, or whether he is discharged in such capacity, and occupies the mere position of custodian. In either event the parties have stipulated that the money should remain on deposit with the trust company in his name, and in practical effect the money is in court, held by the depositary named by the parties in interest, instead of having been designated by the court. This condition in no wise affects the rights of the parties to maintain an action for the determination of their rights.

The order denying the motion was correct. It should be affirmed, with $10 costs and disbursements. All concur.